## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**NUCOR STEEL LOUISIANA, LLC ET AL.**                    CIVIL ACTION

**VERSUS**                                                          No. 21-1904

**HDI GLOBAL INSURANCE CO.**                              SECTION I

### <u>ORDER & REASONS</u>

Before the Court are two motions[1] for judgment on the pleadings, filed by defendant, HDI Global Insurance Company ("HDI"). Plaintiffs, Nucor Steel Louisiana, LLC ("Nucor") and Dynamic Environmental Services, LLC ("DES") oppose[2] the motions. HDI filed replies[3] in support of the motions. For the reasons that follow, the Court will grant the motions.

### I.  BACKGROUND

The facts, as alleged in the complaint, are as follows: HDI issued a commercial general liability policy ("the HDI Policy" or "the Policy") to DES, providing coverage between November 1, 2016 and November 1, 2017.[4] On October 10, 2016, Nucor and DES entered into an independent contractor agreement ("the ICA"), which required, among other things, that DES defend Nucor against, and indemnify Nucor for, claims asserted against Nucor by DES employees, and that DES name Nucor as an additional insured in the HDI Policy.[5] An additional insured endorsement was

---

[1] R. Doc. Nos. 21, 37.
[2] R. Doc. Nos. 46, 48.
[3] R. Doc. Nos. 52, 53.
[4] R. Doc. No. 1, at 2 ¶ V.
[5] *Id.* at 3 ¶ VII.

incorporated into the HDI Policy, naming as "additional insureds" entities "as required by written contract."[6] The parties agree that this endorsement had the effect of adding Nucor as an additional insured under the HDI Policy.[7]

On May 10, 2018, Bob Dale Comeaux II ("Comeaux"), a DES employee, filed a civil action ("the Comeaux litigation") in the 23rd Judicial District Court for the Parish of St. James, alleging that he was exposed to hydrogen sulfide gas at Nucor's plant facility on May 15, 2017.[8] Comeaux named as defendants Nucor, DES, and a third entity not a party to the instant action.[9]

On May 10, 2019, one year after Comeaux filed suit, attorneys representing Nucor tendered Nucor's defense and indemnification to DES.[10] On January 21, 2020, HDI sent correspondence to Nucor's counsel, agreeing to defend Nucor, but reserving rights as to indemnity.[11] On July 2, 2021, Comeaux's claims as to all three defendants were settled through payment by HDI and the insurer for a third defendant.[12] On

---

[6] *Id.* at 2 ¶ VI.

[7] *See, e.g.*, R. Doc. No. 1, at 2 ¶ VI; R. Doc. No. 21-1, at 5 & n.14; R. Doc. No. 46, at 17 (citing R. Doc. No. 1-6, at 4).

[8] *Id.* at 3 ¶ VIII.

[9] *Id.*

[10] *Id.* at 3 ¶ IX (citing R. Doc. No. 1-5).

[11] *Id.* at 4 ¶ X (citing R. Doc. No. 1-6). As will be discussed in greater detail *infra*, pp. 19–23, there is no indication that Nucor, in its capacity as an additional insured under the HDI Policy, ever directly tendered its defense to HDI. Nucor's tender letter to DES only references the ICA, and not the HDI Policy. *See* R. Doc. No. 1-5. However, DES was represented by counsel appointed by HDI when it received Nucor's tender letter. R. Doc. No. 1, at 3 ¶ IX. Additionally, in HDI's January 21, 2020 reservation of rights letter, HDI acknowledged that Nucor's request for defense and indemnity was based on the ICA as well as the HDI Policy. R. Doc. No. 1-6, at 1; *see also* R. Doc. No. 52, at 10.

[12] R. Doc. No. 1, at 5 ¶ XIII.

August 4, 2021, HDI offered to reimburse Nucor's post-tender defense costs, totaling $37,067.47.[13] Nucor rejected HDI's offer, and requested that HDI reimburse all of Nucor's defense costs, including those costs incurred pre-tender, totaling $135,950.75.[14]

Nucor then approached DES directly, demanding reimbursement of pre- and post-tender defense costs pursuant to the indemnity provision in the ICA.[15] Nucor stated that it would institute a suit against DES to recover these costs if DES did not voluntarily reimburse them.[16] On August 9, 2021, DES sent a letter to HDI, requesting that HDI reconsider its position regarding the reimbursement of Nucor's pre-tender defense costs, and stating that DES would have no choice but to reimburse Nucor for its pre- and post-tender defense costs if HDI refused to do so.[17] Ultimately, DES reimbursed Nucor for its pre- and post-tender defense costs, and Nucor assigned its claims, under the ICA and the HDI Policy, to DES.[18]

In its first motion for judgment on the pleadings, HDI requests that judgment be entered in HDI's favor, limiting its obligations to the post-tender defense costs incurred by Nucor in the Comeaux litigation and dismissing the remainder of plaintiffs' claims with prejudice.[19]

---

[13] *Id.* at 5 ¶ XIV (citing R. Doc. No. 1-7).
[14] *Id.*
[15] *Id.* at 6 ¶ XVI.
[16] *Id.*
[17] *Id.* at 6 ¶ XVII.
[18] *Id.* at 8 ¶ XIX.
[19] R. Doc. No. 21.

Plaintiffs submit that they have two avenues supporting recovery of Nucor's pre-tender defense costs. First, Nucor is named as an additional insured under the HDI Policy, and plaintiffs submit that HDI is obligated to reimburse its insured's pre- and post-tender defense costs. Second, plaintiffs argue that HDI must reimburse DES for its voluntary settlement of Nucor's pre- and post-tender defense costs because the HDI Policy's contractual liability provision covers DES's obligation to indemnify Nucor pursuant to the ICA.[20]

First, HDI does not dispute that Nucor is an additional insured under the HDI Policy and HDI acknowledges that it is obligated to reimburse Nucor's post-tender costs accordingly. However, HDI submits that it is not obligated to reimburse its insured's pre-tender defense costs. Second, HDI acknowledges that the ICA is an "insured contract" for the purposes of the contractual liability provision of the HDI Policy, but it argues that the language of the provision precludes plaintiffs from seeking defense costs incurred by Nucor in the Comeaux action.[21]

Plaintiffs also argue that Nucor is entitled to recover attorney's fees and costs incurred in prosecuting this action, and that plaintiffs are entitled to recover statutory penalties due to HDI's "arbitrary and capricious conduct and/or breach of duties," pursuant to Louisiana Revised Statutes 22:1973 and 22:1892.[22]

Finally, in its second motion for judgment on the pleadings, HDI requests that Nucor be dismissed with prejudice from the instant action, because the complaint

---

[20] *See* R. Doc. No. 46, at 4, 10.
[21] R. Doc. No. 21-1, at 11–13.
[22] R. Doc. No. 1, at 9 ¶¶ XIII, XIV.

states that Nucor assigned "Nucor's claims under the ICA and pursuant to the HDI Policy against HDI."[23]

## II.  STANDARD OF LAW

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings once the pleadings are closed, as long as the party moves "early enough not to delay trial." "The standard for Rule 12(c) motions is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Thus, Rule 12(c)—like Rule 12(b)(6)—permits a court to dismiss a complaint, or any part of it, where a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has

---

[23] R. Doc. No. 37-1, at 1 (citing R. Doc. No. 1, at 8 ¶ XIX).

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, the Court must accept all well-pleaded factual allegations as true and liberally construe all such allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Where "the complaint 'on its face show[s] a bar to relief,'" then dismissal is the appropriate course. *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

In addition to the complaint, the court may consider "any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If matters beyond these documents are presented, "the court has 'complete discretion' to exclude them." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 369–70 (E.D. La. 2021) (Vance, J.) (quoting *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020)). If, however, such documents are presented and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III.  LAW AND ANALYSIS

### A.  Assignment of Nucor's Rights against HDI

In HDI's second motion for judgment on the pleadings, HDI submits that Nucor should be dismissed with prejudice from this action because the complaint states that DES "[took] an assignment from Nucor of Nucor's claims under the ICA and pursuant to the HDI Policy against HDI."[24]

Assignments of right are governed by Article 698 of the Louisiana Code of Civil Procedure, which provides:

> An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
>
> (1) The assignor and the assignee, when the assignment is partial; or
>
> (2) The assignee, when the entire right is assigned.

The Court, taking the complaint's allegation as true as it must for the purpose of this motion, concludes that Nucor completely assigned its rights under the HDI Policy and against HDI to DES. Accordingly, the Court will grant defendant's motion and dismiss all of Nucor's claims as to HDI with prejudice.[25]

---

[24] R. Doc. No. 37-1, at 1–2 (citing R. Doc. No. 1, at 8 ¶ XIX).

[25] DES requests leave of court to amend its complaint, in the event that the Court dismisses Nucor, "to reflect that all claims asserted are those originally held by DES as well as those obtained through assignment from Nucor." R. Doc. No. 48, at 5. Such an amendment is not necessary. The original complaint makes clear that Nucor assigned all of its rights against HDI to DES. The Court has acknowledged this assignment and it has dismissed Nucor's claims accordingly, leaving only the claims held originally by DES and those acquired by DES through Nucor's assignment.

**B. Nucor as an Additional Insured**

HDI recognizes that it is required to pay Nucor's post-tender defense costs because Nucor is an additional insured under the HDI Policy.[26] HDI states that it remains willing to reimburse Nucor's post-tender defense costs, and its requested relief in the instant motion reflects its continued willingness to cover these costs.[27] However, HDI argues that it is not required to pay Nucor's pre-tender defense costs.[28] (As noted above, Nucor assigned its rights against HDI to DES. Accordingly, to the extent that the Court refers to any sum that HDI may owe to Nucor as an additional insured, it is with the understanding that DES now has the exclusive right to recover such a sum.)

Nucor rejected HDI's offer to reimburse pre-tender defense costs.[29] HDI submits that its position is supported by *Gully & Associates, Inc. v. Wausau Insurance Cos.*, 536 So. 2d 816 (La. Ct. App. 1 Cir. 1988). The Court concurs. In *Gully*, the Louisiana Court of Appeals for the First Circuit held that, because "the insurer's duty to provide a defense does not arise until the insurer receives notice of the litigation . . . . [the insurer] is not responsible for the legal fees and costs incurred prior to the notification date." *Id.* at 818 (citing *Moskau v. Ins. Co. of N. America,* 366 So. 2d 1004,

---

[26] R. Doc. No. 21-1, at 5.
[27] R. Doc. No. 21-1, at 5. The fact that HDI remains willing to pay the post-tender defense costs is not alleged in the complaint or evinced by any of the exhibits properly before the Court in this Rule 12(c) motion. However, in its first motion, HDI has requested that judgment be entered in HDI's favor, limiting its obligations to the post-tender defense costs incurred by Nucor in the Comeaux litigation and dismissing the remainder of plaintiffs' claims with prejudice. R. Doc. No. 21.
[28] *Id.*

1006 (La. App. 1st Cir. 1978); *accord Adventure Harbor Ests., LLC v. LeBlanc*, No. 13-142, 2014 WL 4084897, at \*4 (E.D. La. Aug. 14, 2014) (Zainey, J.); *Liberty Mut. Ins. Co. v. Jotun Paints, Inc.*, No. 07-3114, 2009 WL 86669, at \*3–4 & n.26 (E.D. La. Jan. 13, 2009) (Africk, J.); *Anco Insulations, Inc. v. Royal Indem. Co.*, No. 07-657, 2010 WL 4394147, at \*2–3 (M.D. La. Nov. 1, 2010); *Transcon. Pipe Line Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 378 F. Supp. 2d 729, 738–39 (M.D. La. 2005).

Plaintiffs attempt to overcome *Gully* by citing to inapposite cases, such as *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir. 1992), which stand for the proposition that an insurer must show actual prejudice if it alleges late notice as a basis to decline to defend the insured and to deny coverage altogether. *Id.* at 1172.[30] Plaintiffs assert that HDI has not alleged actual prejudice in the instant motion. However, as noted above, HDI did not deny coverage to Nucor, but instead only declined Nucor's request for pre-tender defense costs. Therefore, HDI need not show that it suffered actual prejudice due to Nucor's delay in tendering its defense.

Plaintiffs assert that the distinction between the scenarios in *Peavey* and *Gully* is a distinction "without a difference."[31] However, it is a distinction that Louisiana courts and the Fifth Circuit have repeatedly made, including in *Gully* and *Peavey* themselves. *See Peavey*, 971 F.2d at 1178 (distinguishing *Gully* because the court in

---

[30] Plaintiffs also cite to *American Safety & Risk Services, Inc. v. Legion Indemnity Co.*, 153 F. Supp. 2d 869 (E.D. La. 2001) (Barbier, J.), in which the court concluded that the insurer was obligated to pay pre-tender costs after it *denied* coverage to the insured. *Id.* at 878. So too was the case in *Rovira v. LaGoDa, Inc.*, 551 So. 2d 790, 792, 794–95 (La. Ct. App. 5 Cir. 1989).
[31] R. Doc. No. 46, at 7.

*Gully* noted that "the insurer [in *Gully*] was not denying coverage or trying to use the late notification as a basis for denying coverage"); *Gully*, 536 So. 2d at 818 (concluding that "jurisprudence holding that delayed notice of a claim does not relieve the insurer of the obligation to provide coverage and to defend" did not "dispose[] of the matter before [the court] since [the insurer was] not denying coverage or trying to use the late notification as a basis for denying coverage").

In addition to the arguments outlined above, plaintiffs emphasize the fact that emails obtained during discovery purportedly demonstrate that HDI was aware of HDI's potential duty to defend Nucor in the Comeaux action as early as August 24, 2018—long before Nucor tendered its defense to DES on May 10, 2019.[32] Plaintiffs seem to imply that this manner of notice—i.e., learning of a potential duty to defend from a source other than the insured—is sufficient to render HDI responsible for defense costs starting from the time of receiving said notice. However, plaintiffs offer no support for this contention, whether by reference to the language of the HDI Policy or relevant caselaw.

The language of the HDI Policy repeatedly indicates that the insured must notify HDI regarding legal actions or occurrences that may give rise to liability. For

---

[32] *Id.* at 8–10 (citing R. Doc. Nos. 46-5, 46-6). The Court would need to convert the instant motion into a motion for summary judgment in order to consider such discovery materials, because they were not referred to in, nor attached to, the complaint. Fed. R. Civ. P. 12(d); *see also, e.g., Allen*, 812 F. App'x at 189 (citing *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)). However, for reasons set forth immediately below, these materials would not alter the Court's analysis, even if they were properly before the Court. Accordingly, the Court declines to consider the materials.

instance, the HDI Policy states that the insured "must see to it that [HDI is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim."[33] The Policy further states that, "[i]f a claim or 'suit' is brought against any insured, [the insured] must . . . [n]otify [HDI] as soon as practicable."[34] The Policy reiterates that the insured "must see to it that [HDI] receive[s] *written* notice of the claim or 'suit' as soon as practicable," and that the insured must "*[i]mmediately* send [HDI] copies of any demands, notices, summonses or legal papers received in connection with the claim[.]"[35]

Additionally, the HDI Policy states that "[n]o insured will, *except at that insured's own cost*, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [HDI's] consent."[36] In *Adventure Harbor Estates, LLC v. LeBlanc*, No. 13-142, 2014 WL 4084897 (E.D. La. Aug. 14, 2014) (Zainey, J.), the court considered a similar policy provision. *Id.* at *4. The court observed that, in light of the fact that the insured waited approximately a year to notify the insurer that an action had been filed against the insured—as is also the case in the instant action[37]—there was "no argument to be made in this case that exigencies forced the [insured] to incur expenses to defend the suit before [the

---

[33] R. Doc. No. 1-2, at 16.
[34] *Id.*
[35] *Id.* (emphasis added).
[36] *Id.* (emphasis added).
[37] *See* R. Doc. No. 1, at 3 ¶¶ VIII, IX (alleging that the Comeaux action was filed on May 10, 2018, and that Nucor tendered its defense to counsel appointed by HDI to represent DES on May 10, 2019). As noted *supra*, n.11, Nucor tendered its defense to DES, rather than HDI.

insurer] could step in to provide a defense." *Id.* The court noted that it was the insured's prerogative to retain the attorney of their choice before notifying the insurer of the action, "but under the clear terms of the policy they had to exercise that prerogative at their own cost." *Id.* Accordingly, the court concluded that the insurer was not required to reimburse the insured's pre-notice defense costs. *Id.*

The Fifth Circuit's analysis in *Ingalls Shipbuilding v. Federal Insurance Co.*, 410 F.3d 214 (5th Cir. 2005), is also instructive on this issue.[38] In *Ingalls*, the court concluded that an insurance company was only obligated to reimburse the insured's defense costs starting on the date upon which the insurance company became aware of the insured's letter demanding a defense, and not before. *Id.* at 227. The court reached this conclusion even though the insurance company, prior to receiving the insured's demand letter, "was not only aware of the [underlying tort] suit, but participated actively in the settlement proceedings as counsel for [another insured party]." *Id.* The court reasoned that the insured entity, which was a corporation, was "a sophisticated party and, as such, could have been expected to request a defense under the policy if it had desired one." *Id.* Further, "it would be absurd to require an insurance company to force itself on such a sophisticated party if its services have not been requested." *Id.* Accordingly, the Court concludes that HDI is not obligated to reimburse the pre-tender defense costs of its insureds or additional insureds, including Nucor.

---

[38] The court applied Texas law in this case, but its analysis remains persuasive.

## C. Contractual Liability Coverage

### 1. Nucor's Defense Costs

Whereas an insurer's duty to defend does not arise until the insurer receives notice or tender, the same principle does not apply to indemnitors, such as DES. *See, e.g.*, *Bollinger Marine Fabricators, LLC v. Marine Travelift, Inc.*, No. 14-1743, 2015 WL 4937839, at *10 (E.D. La. Aug. 18, 2015) (Vance, J.) (noting the distinction between insurers and indemnitors on this issue and concluding that the indemnitor must reimburse pre-tender defense costs). "[T]he general rule is that an indemnitee is not required to provide notice, let alone tender a defense, to the indemnitor under an indemnification contract, unless the contract itself requires notification or tender of defense." *Id.* (quoting *Smithson v. Wolfe*, 1999 WL 33656866, at *4 (N.D. Iowa Jul. 19, 1999)). The ICA's indemnity provision provides no notice requirement, and the Court will not impute one. *See id.* (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1221 (5th Cir. 1986)).

Thus, while Nucor is not entitled to reimbursement of pre-tender defense costs by virtue of being an additional insured under the HDI Policy, there remains the issue of whether DES is entitled to recover its payment of Nucor's pre- and post-tender defense costs from HDI, pursuant to the contractual liability provision of the HDI policy. Plaintiffs submit that this settlement payment falls within the contractual liability coverage of the HDI Policy, while HDI contends that it does not.[39]

---

[39] R. Doc. No. 21-1, at 11–13; R. Doc. No. 46, at 10.

The HDI Policy's exception to the exclusion pertaining to contractual liability (in other words, the section setting forth the conditions under which contractual liability is covered by the Policy) states, in relevant part:

**2. Exclusions**
This insurance does not apply to:
. . . .
    **b. Contractual Liability**
    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reasons of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1) That the insured would have in the absence of the contract or agreement; or

    (2) Assumed in a contract or agreement that is an "insured contract" . . . . Solely for the purposes of liability assumed in an "insured contract", *reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured* are deemed to be damages because of "bodily injury" or "property damage", provided;

      (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.[40]

The HDI Policy further provides that "[t]he word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured."[41] Section II was amended by subsequent endorsement,[42] which states:

---

[40] R. Doc. No. 1-2, at 7 (emphasis added).
[41] *Id.* at 6.
[42] *Id.* at 29–30 (Endorsement Form CG 20 10 04 13).

     **A. Section II – Who is an Insured** is amended to include as an *additional insured* the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

            1. Your acts or omissions; or

            2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) . . . .[43]

The Schedule contained in this endorsement states that the additional insured person(s) or organization(s) are those that are "required by written contract."[44] The parties agree that this endorsement had the effect of adding Nucor as an additional insured under the HDI Policy.[45]

     HDI does not dispute that the ICA is an "insured contract" within the meaning of the contractual liability provision.[46] However, HDI disputes that the contractual liability provision requires HDI to reimburse DES for its settlement of Nucor's defense costs in the Comeaux action.[47]

     In support, HDI notes that the contractual liability provision states, in relevant part, that the Policy extends to "reasonable attorneys' fees and necessary litigation expenses incurred by or for a party *other than an insured*."[48] HDI submits

---

[43] *Id.* at 29 (emphasis added).
[44] *Id.*
[45] *See, e.g.*, R. Doc. No. 1, at 2 ¶ VI; R. Doc. No. 21-1, at 5 & n.14; R. Doc. No. 46, at 17 (citing R. Doc. No. 1-6, at 4).
[46] R. Doc. No. 21-1, at 9.
[47] *Id.*
[48] *Id.* at 11 (citing R. Doc. No. 1-2, at 7) (emphasis added).

that, because Nucor is an insured under the policy, its attorney's fees and costs in the Comeaux litigation are expressly exempted from contractual liability coverage.[49]

Plaintiffs assert that this provision does not apply to Nucor, because "as an 'additional insured' under the HDI Policy, Nucor was not 'an insured', as defined by the HDI Policy."[50] In support of this interpretation, plaintiffs cite to "Section II – Who is An Insured," which does not include "additional insureds" in the definition of "insureds."[51] However, plaintiffs omit mention of the endorsement that, as noted above, amended Section II to include additional insureds within the definition of insureds.[52] Thus, under the express language of the contractual liability provision, HDI is not required to reimburse DES for Nucor's pre- or post-tender defense costs in the Comeaux litigation.

Although the language of the policy provides a sufficient basis to conclude that HDI is not required to reimburse DES for its settlement of Nucor's defense costs, the Court will address HDI's additional argument that it is not required to reimburse DES because DES unilaterally settled with Nucor in violation of the HDI Policy.[53] The Policy provides, in pertinent part:

---

[49] *Id.* at 12.

[50] R. Doc. No. 46, at 19. Plaintiffs raise this argument with respect to whether plaintiffs are entitled to attorney's fees and costs arising from the prosecution of the instant action, rather than with respect to the recovery of defense costs arising from the Comeaux litigation. However, because plaintiff's interpretation presumably applies to the issue of defense costs, the Court addresses it here.

[51] *Id.* at 18–19 (citing R. Doc. No. 1-2, at 6).

[52] R. Doc. No. 1-2, at 29. Of course, plaintiffs are aware of this endorsement, because they cite it for the proposition that Nucor is an additional insured under the Policy. *See, e.g.*, R. Doc. No. 1, at 2 ¶ VI; R. Doc. No. 46, at 2.

[53] R. Doc. No. 21-1, at 9–11.

> No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.[54]

In support, HDI cites *Ortiz v. MeadWestvaco Corp.*, 274 So. 3d 158 (La. Ct. App. 3 Cir. 2019), wherein the court, considering a similar consent-to-settle provision, observed that "liability must be determined either by a court or by the claimant, the [insurance] company, and the insured jointly." *Id.* at 168 (quoting *Rosenthal v. Sec. Ins. Grp. of New Haven*, 205 So. 2d 816, 817–18 (La. Ct. App. 1 Cir. 1967). Further, the court noted that there were "no provisions of the policy under which the insured has any right to make any determination as to his own liability. His fear as to being the subject of a civil suit is groundless since the company is obligated to defend any suit filed against him[.]" *Id.* (quoting *Rosenthal*, 205 So. 2d at 817–18).

Plaintiffs counter that the instant matter falls within several exceptions to this consent-to-settle rule.[55] As noted in *Ortiz*, "Louisiana courts have declined to enforce consent-to-settle and no-action clauses in certain situations, such as when (1) the insurer "wrongfully refuses to defend its insured," or "(2) the insurer 'denies coverage where there is coverage, or unjustifiably delays settlement, forcing the insured to settle separately.'" *Id.* at 168–69 (first quoting *Arceneaux v. Amstar Corp.*, 66 So. 3d 438, 452 (La. 2011), then quoting *Emile M. Babst Co., Inc. v. Nichols Constr. Corp.*, 488 So. 2d 699, 703 (La. Ct. App. 1 Cir. 1986)). The central thrust of these exceptions is that the insurer was wrongful or unjustified in denying coverage. Because the

---

[54] *Id.* at 9 (citing R. Doc. No. 1-2, at 16).
[55] R. Doc. No. 46, at 13.

Court concurs with HDI's interpretation of the Policy, the Court also concludes that HDI's conduct was not wrongful or unjustified, and thus that these exceptions do not apply.

### 2. *Nucor's Prosecution Costs*

The ICA provides, in relevant part, that DES must indemnify Nucor for attorney's fees and expenses "incurred [by Nucor] in enforcing [DES's] indemnification obligations."[56] Plaintiffs argue that "[p]ursuant to the indemnity provisions of the ICA, Nucor is entitled to recover from HDI the attorney's fees and costs incurred in prosecuting this action[.]"[57]

The Court's analysis with respect to whether the contractual liability provision covers DES's reimbursement of Nucor's defense costs in the Comeaux litigation, applies with equal weight to the issue of whether the provision covers Nucor's costs in prosecuting this action. The Policy's exclusion of "attorneys' fees and necessary litigation expenses incurred by or for . . . an insured" is not limited to defense costs.[58]

Further, even if the contractual liability provision did not exclude an insured's litigation fees and costs, DES would not be entitled to recover Nucor's prosecution costs under Louisiana law. In *Steptore v. Masco Construction Co.*, 643 So. 2d 1213 (La. 1994), the Louisiana Supreme Court observed that, "[g]enerally, if the insured

---

[56] R. Doc. No. 1-3, at 5.

[57] R. Doc. No. 1, at 9 ¶ XIII. The Court notes that this paragraph of the complaint is in error. The ICA is between Nucor and DES, and thus, Nucor is entitled to recover prosecution fees from DES, and not from HDI. However, there remains the question of whether DES, having settled Nucor's claims for prosecution fees pursuant to the ICA, is entitled to reimbursement from HDI for this settlement payment, pursuant to the contractual liability provision of the HDI Policy.

[58] R. Doc. No. 1-2, at 7.

hires an attorney to represent him in coverage disputes, he will have to bear those costs himself," unless the insurance contract or a statute provides for recovery of such costs. *Id.* at 1218. Accordingly, the court held that the insured was not entitled to recover prosecution costs. *Id. Accord Monaghan v. United Rentals*, 2012 WL 832284, at *1–3 (M.D. La. Mar. 9, 2012). In this case, while the ICA provides for the recovery of prosecution costs, the HDI Policy does not. Therefore, while Nucor is entitled to recover such fees from DES pursuant to the ICA, Nucor is not entitled to recover prosecution fees from HDI pursuant to the Policy. Nor is DES entitled to seek reimbursement from HDI, pursuant to the Policy, for DES's settlement payment of Nucor's prosecution fees.

## D. Waiver

As stated above, the Court concludes that HDI is not required to reimburse Nucor's pre-tender defense or prosecution costs. However, there remains the question of whether HDI, through its conduct and correspondences pertaining to this matter, can be deemed to have waived its defenses as to reimbursement of pre-tender defense and prosecution costs.

"Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Steptore v. Masco Const. Co.*, 643 So. 2d 1213, 1216 (La. 1994). "Reliable proof of waiver is necessary, and the burden is on the party claiming waiver to establish its

existence." *FDIC v. Duffy*, 47 F.3d 146, 150 (5th Cir. 1995) (citing *Tate v. Charles Aquillard Ins. & Real Est., Inc.*, 508 So. 2d 1371, 1375 (La. 1987)).

First, the Court must determine whether HDI waived its argument that it is not required to reimburse its insured's pre-tender defense costs. Plaintiffs argue that HDI waived this argument because its January 2020 reservation of rights letter states that HDI will defend Nucor, but it does not state that it will not reimburse Nucor's pre-tender defense costs.[59] HDI argues, in general, that it "did not intentionally relinquish any right to act in conformity with the policy and Louisiana law."[60] The Court concludes that HDI's omission of an explicit distinction between pre- and post-tender defense costs does not rise to the level of intentional waiver, especially considering the caselaw establishing that insurers are not required to reimburse the insured's pre-tender defense costs.

Next, the Court must consider whether HDI waived its argument that the contractual liability provision excludes legal costs incurred by or for an insured. The Court's analysis on this issue is complicated by the fact that the parties have often comingled their arguments pertaining to the "additional insured" and "contractual liability" provisions both prior to, and during, this litigation. For instance, Nucor tendered its demand for defense and indemnification to DES, rather than HDI.[61] In its tender letter, Nucor refers only to the ICA between Nucor and DES as the basis

---

[59] R. Doc. No. 62, at 7.
[60] R. Doc. No. 63, at 3.
[61] R. Doc. No. 1-5.

for its demand.[62] The letter does not refer to HDI or the HDI Policy. There is no indication that Nucor, in its capacity as an additional insured under the HDI Policy, ever directly tendered its defense to HDI. The parties have not explained how or when the letter was eventually transmitted to HDI, although they note that DES was represented by counsel appointed by HDI when it received Nucor's tender letter.[63]

The next correspondence referenced in the complaint is HDI's January 2020 reservation of rights letter, which is addressed to counsel for Nucor.[64] The letter appears to indicate that a copy of the letter was provided to DES.[65] In the letter, HDI states that it is in receipt of Nucor's tender of the Comeaux matter to DES.[66] HDI states that "Nucor's request for defense and indemnity . . . is based on a contract between [ ] Nucor and DES as well as the commercial general liability policy HDI issued to DES."[67] HDI acknowledges both that Nucor is an additional insured under the HDI Policy and that the ICA "falls within" the Policy's exception to the contractual liability exclusion. The letter includes excerpts of the relevant provisions.[68] In the letter, HDI states that it will defend Nucor, and it also states that its indemnification of Nucor is subject to certain reservations.[69]

---

[62] *Id.*
[63] R. Doc. No. 1, at 3 ¶ IX.
[64] R. Doc. No. 1-6.
[65] *Id.* at 5.
[66] *Id.* at 1.
[67] *Id.*
[68] *Id.* at 2–5.
[69] *Id.* at 1.

The purpose of HDI's references to the contractual liability provision is somewhat unclear, given that the letter is addressed to Nucor and includes an offer to defend and indemnify Nucor (subject to certain reservations). After all, HDI's obligation to defend and indemnify Nucor arises only from the fact that Nucor is an additional insured under the HDI Policy. Any obligations that HDI has under the contractual liability provision of the Policy are owed to DES, and not to Nucor.

Because the letter does not make any representations as to HDI's duty to defend DES against an indemnity claim brought by Nucor, nor is the letter addressed to DES, it would be difficult to conclude that HDI waived its arguments regarding its obligations to DES under the contractual liability provision of the HDI Policy. While HDI's reservation letter certainly could have been written with greater precision and clarity, the Court nevertheless concludes that plaintiffs have not met their burden of establishing that HDI intentionally relinquished its right to assert that it is not required to reimburse Nucor's litigation costs pursuant to the contractual liability provision. *See Duffy*, 47 F.3d at 150.

Additionally, even assuming that the letter provided adequate notice to DES regarding HDI's position as to contract liability coverage for DES's indemnity obligations under the ICA, the Court concludes that HDI would not have waived the relevant defense. The letter states that the ICA's "indemnity provision falls within the exception to the [HDI Policy's contractual liability] exclusion."[70] The letter also provides the text of this exception, including the provision limiting the exception to

---

[70] *Id.* at 5.

"reasonable attorneys' fees and necessary litigation expenses incurred by or for *a party other than an insured*."[71] While the ICA "falls within" the contractual liability provision—insofar as HDI would be obligated to provide coverage to DES if DES indemnified Nucor for damages owed to Comeaux—the ICA could nevertheless still be subject to the limitations set forth in the contractual liability provision, including the limitation as to insured's litigation fees and costs.[72]

## E. Statutory Penalties

Plaintiffs allege that HDI has been arbitrary and capricious in its handling of DES's and Nucor's claims, in violation of Louisiana Revised Statutes 22:1973 and 22:1892.[73] "The prohibited conduct under La. R.S. 22:1973 and La. R.S. 22:1892 is virtually identical: the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause." *Pelle v. Munos*, 296 So. 3d 14, 25  (La. App. 1 Cir. 2020).[74] "Because these two statutes are penal in nature, they are strictly construed." *Id.*

"[A]n insurer who does not tender unconditionally a reasonable payment, a figure over which reasonable minds could not differ, will be subject to penalties and attorney fees." *Gaspard v. S. Farm Bureau Cas. Ins. Co.*, 155 So. 3d 24, 31 (La. App.

---

[71] *Id.* at 2. The letter also includes the text of Section II, as amended by an endorsement, which specifies who qualifies as an insured. *Id.* at 3–4.

[72] Because the Court concludes that HDI did not waive the relevant defenses, it need not reach HDI's argument that plaintiffs failed to assert waiver and estoppel in their complaint. *See* R. Doc. No. 63, at 5–6.

[73] R. Doc. No. 1, at 8 ¶ XXI, 9 ¶ XIV.

[74] "The primary difference between these two statutes is the different time periods allowed for payment, thirty days under La. R.S. 22:1892 and sixty days under La. R.S. 22:1973." *Pelle v. Munos*, 296 So. 3d at 25.

1 Cir. 2014) (citing La. R.S. 22:1973, 22:1892; *McDill v. Utica Mut. Ins. Co.,* 475 So.2d 1085, 1092 (La. 1985)). However, "[i]n those instances where there are substantial, reasonable, and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious, or without probable cause." *Id.* at 38 (citing *Louisiana Bag Company, Inc.,* 999 So.2d 1104, 1114 (La. 2008)).

"In order to recover under La. R.S. 22:1973 and La. R.S. 22:1892, a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Pelle*, 296 So. 3d at 25 (citing *Clausen v. Fid. and Deposit Co. of Md.,* 660 So. 2d 83, 85 (La. App. 1 Cir. 1995)). *Accord Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010); *RD Props. of Metairie, LLC v. Scottsdale Ins. Co.*, No. 13-4927, 2014 WL 12724664, at *5 (E.D. La. Mar. 7, 2014) (Brown, J.); *Kosak v. Louisiana Farm Bureau Cas. Ins. Co.*, 316 So.3d 522, 530–31 (La. App. 1 Cir. 2020); *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 3 Cir. 2002). "The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim." *Pelle*, 296 So. 3d at 25 (citing *Clausen,* 660 So. 2d at 85).

Thus, for instance, in *Naquin v. Elevating Boats, LLC*, 817 F.3d 235 (5th Cir. 2016), where the Fifth Circuit resolved a coverage dispute against an insured, it also concluded that the insured had "no valid underlying claim" and therefore, the district court did not err in dismissing the insured's bad faith claims brought pursuant to La.

R.S. 22:1973. *Id.* at 240 (citing *Matthews v. Allstate Ins. Co.,* 731 F. Supp. 2d 552, 566 (E.D. La. 2010)).

DES makes several allegations as to HDI's bad faith in its complaint and opposition memorandum. As set forth above, the Court has concluded that the only "valid underlying claim" in this action is Nucor's claim—now assigned to DES—for post-tender defense costs arising from the Comeaux litigation. Thus, the Court need only resolve DES's allegations of bad faith that relate to this underlying claim for post-tender defense costs.[75] Specifically, the Court must determine whether HDI timely and unconditionally tendered a payment as to this amount. *Pelle*, 296 So. 3d at 25; *Gaspard*, 155 So. 3d at 31.

In the complaint, DES submits that HDI should be subjected to statutory penalties because it failed to reimburse Nucor's pre- and post-tender defense costs, totaling $132,023.25, within thirty days of receiving of receiving satisfactory proofs of loss.[76] In their opposition memorandum, DES more specifically asserts that "HDI's failure to pay to Plaintiffs, or pay into the registry of the court, [Nucor's post-tender defense costs totaling] $37,067.47[, which HDI] agreed was owed . . . is per se arbitrary, capricious and without probable cause."[77] This assertion is perplexing

---

[75] Because the Court has concluded that DES does not have valid underlying claims as to HDI's obligation to reimburse DES for Nucor's pre-tender defense or prosecution costs, the Court need not reach DES's arguments that HDI acted in bad faith by failing to timely tender payment as to those costs.

[76] R. Doc. No. 1, at 8 ¶ XXI. Again, because DES does not have a valid underlying claim as to pre-tender defense costs, the Court will not consider bad faith arguments pertaining to said costs.

[77] R. Doc. No. 46, at 21 (citing *Lamar Advertising Co. v. Zürich Am. Ins. Co.*, 473 F. Supp. 3d 632, 642–43 (M.D. La. July 20, 2020)).

given that, according to DES's own complaint, HDI offered to pay this sum on August 4, 2021, and Nucor rejected this offer.[78] DES attached the email in which HDI's claims processor offered to make said payment to Nucor, wherein the claims processor states that it requires payee information and a W-9 form in order to process the payment.[79] DES does not allege that this offer was untimely; instead, DES appears to suggest that the fact that the payment still has not been completed renders the payment untimely. However, by DES's own allegations, Nucor refused to accept this payment. DES cannot now assert HDI's failure to process its offered payment as a basis for bad faith penalties.

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the second motion[80] for judgment on the pleadings is **GRANTED** and that Nucor's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the first motion[81] for judgment on the pleadings is **GRANTED** and that judgment be rendered in HDI's favor, limiting its obligations to reimbursement of DES's payment of the post-tender defense costs incurred by Nucor in the Comeaux litigation.

**IT IS FURTHER ORDERED** that the remainder of DES's claims—as to DES's reimbursement of Nucor's pre-tender defense costs arising in the Comeaux

---

[78] R. Doc. No. 1, at 5 ¶ XIV, 6 ¶ XV.
[79] R. Doc. No. 1-7.
[80] R. Doc. No. 37.
[81] R. Doc. No. 21.

action, Nucor's litigation costs in pursuing coverage under the ICA and the HDI Policy, and penalties pursuant to La. R.S. 22:1892 and 22:1793—are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 1, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**