UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NUCOR STEEL LOUISIANA, LLC ET AL.**            **CIVIL ACTION**

**VERSUS**            **No. 21-1904**

**HDI GLOBAL INSURANCE CO.**            **SECTION I**

**ORDER & REASONS**

Before the Court is the motion[1] for reconsideration filed by plaintiffs, Nucor Steel Louisiana, LLC ("Nucor") and Dynamic Environmental Services, LLC ("DES") (collectively, "plaintiffs"). Plaintiffs seek reconsideration of the Court's June 1, 2022 Order[2] granting defendant HDI Global Insurance Company's ("HDI") motions for judgment on the pleadings.[3] HDI opposes[4] the motion.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The question of which procedural rule applies depends on the timing of such a motion. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for reconsideration filed within twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a

---

[1] R. Doc. No. 70.
[2] R. Doc. No. 67.
[3] R. Doc. No. 68.
[4] R. Doc. No. 71.

Rule 60(b) motion for relief from judgment. *See id*. Plaintiffs filed this motion within twenty-eight days of the entry of final judgment. Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Professionals, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citations and internal quotation marks omitted).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479). The Court, having considered the applicable law and the parties' arguments, concludes that such an extraordinary remedy is not warranted in this case.[5] Accordingly,

---

[5] Plaintiffs correctly note that the Court erroneously cited Sections IV(2)(a) and (2)(b) of the HDI Policy for the proposition that Nucor was required to provide HDI with notice of the Comeaux litigation. *See* R. Doc. No. 70-1, at 15–16. These provisions apply only to named insureds, and not to Nucor, which is an additional insured. However, as plaintiffs concede, the Court also cited Section IV(c)(1), which is

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, August 8, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

applicable to additional insureds and pertains to the issue of notice. In any event, the conclusion at issue was also independently supported by relevant caselaw. *See* R. Doc. No. 67, at 11–12 (discussing *Adventure HarborEstates, LLC v. LeBlanc*, No. 13-142, 2014 WL 4084897 (E.D. La. Aug. 14, 2014) (Zainey, J.), and *Ingalls Shipbuilding v. Federal Insurance Co.*, 410 F.3d 214 (5th Cir. 2005)). Accordingly, the Court's conclusion remains the same.